FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2019 NOV -4 PM 2: 53
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRYANT ROWLETTE | * | |
| Plaintiff, | * | |
| | | Civil Action No. RDB-18-2706 |
| v. | * | |
| LIFEBRIDGE HEALTH, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Bryant Rowlette ("Plaintiff"), proceeding *pro se*, is a former employee of Lifebridge Health ("Lifebridge" or "Defendant") in Baltimore, Maryland. (Compl., ECF No. 1 at 6.) Plaintiff was employed as part of Lifebridge's Vocational Services Program ("VSP") on January 22, 2017. (Def. Mot. To Dismiss, ECF No. 13-1 at 2.) The VSP is a program offered by the Defendant to provide employment opportunities to individuals with disabilities and economic need in Baltimore. (*Id.*) Plaintiff alleges that he was terminated from his employment under this program on March 16, 2017.[1] (Compl., ECF No. 1 at 5-6.) On July 5, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 13-4.)[2] In the EEOC complaint, Plaintiff alleged that he

---

[1] Plaintiff alleges March 16, 2017 as the date of terminiation in the complaint. However, he also alleges a date of March 26, 2017 on the charge of discrimination with the EEOC. This difference in date of termination does not have any impact on the Court's decision in this case. (Compl., ECF No. 1 at 5-6; ECF No. 13-4.)

[2] The documents from the EEOC, namely the charge of discrimination and the right to sue, were not provided by the Plaintiff but were provided by the Defendant. (ECF No. 13-4; ECF No. 13-5.)

had received no explanation for his discharge but that he believed the discharge was because of his race and disability. (Compl., ECF No. 1 at 5-6.) Finding that Plaintiff's charge was untimely filed, the EEOC closed Plaintiff's file and issued him a Right to Sue Notice on July 9, 2018. (ECF No. 13-5.) Plaintiff filed a Complaint in this Court on August 31, 2018. (Compl., ECF No. 1.) Plaintiff alleges that his discharge from employment at Lifebridge was due to his race, gender, sex, and disability. (Def. Ex. 2, ECF No. 13-4.) He alleges his termination was in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112, *et seq.*; Title VII of the Civil Rights Act of 1964 ("Title VII"), and 42 U.S.C. § 1983. Defendant filed a motion to dismiss the complaint asserting that the Plaintiff failed to exhaust his administrative remedies and that 42 U.S.C. § 1983 only applies to state actors. (Def. Mot. To Dismiss, ECF No. 13.)

Now pending before this Court is Defendant's Motion to Dismiss (ECF No. 13.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated below, the Defendant's Motion to Dismiss (ECF No. 13) is GRANTED.

## STANDARD OF REVIEW

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, this Court "must hold the pro se complaint

to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-23 (4th Cir. 1989).

I. **Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure**

Defendant has moved to dismiss the Complaint based on Plaintiff's failure to satisfy Title VII and the ADA's administrative exhaustion requirements. At the time Defendant filed its Motion, the courts of this circuit adhered to the rule that the failure to exhaust administrative remedies under Title VII deprives federal courts of subject matter jurisdiction over subsequently asserted claims. *See Jones v. Calvert Group, Ltd.*, 551 F.3d 297 (4th Cir. 2009). Accordingly, Defendants invoked Rule 12(b)(1) of the Federal Rules of Civil Procedure. In this most recent Term of Court, the United States Supreme Court held that Title VII's administrative exhaustion requirements are not jurisdictional in nature and therefore "must be timely raised to come into play." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1846 (2019). The exhaustion requirements are more properly considered "claim-processing rules" which, although not jurisdictional in nature, nevertheless must be followed. *Id.* at 1849, 1851 (holding that Title VII's claim-processing rules are "mandatory" and that the court must enforce them). The import of *Fort Bend* is that Defendants may waive arguments related to administrative exhaustion by failing to raise them in a timely fashion. Timely raised, such objections may still warrant dismissal under Rule 12(b)(6) of the Federal Rules. *See, e.g., Stewart v. Iancu*, 912 F.3d 693, 701-702 (4th Cir. 2019) (holding that Title VII's mandatory 180-day waiting period requirement is akin to a mandatory claim-processing rule and further considering whether dismissal was appropriate under Rule 12(b)(6) for plaintiff's alleged failure to adhere to the rule); *see also Carter v. Montgomery Cty.*, TDC-18-2249, 2019 WL 3804765, at 2 (D. Md. Aug. 13,

3

2019) (construing motion to dismiss under Rule 12(b)(1) for failure to exhaust administrative remedies as a motion to dismiss under Rule 12(b)(6) in light of the Supreme Court's decision in *Fort Bend*).

## II. Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

4

suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

While ruling on a motion to dismiss, a court's evaluation is generally limited to allegations contained in the complaint. *Goines v. Calley Cmty. Servs. Bd.*, 822 F.3d 159, 166-67 (4th Cir. 2016). However, courts may also consider documents explicitly incorporated into the complaint by reference. *Id.* at 166 (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). In addition, a court may "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* (citing *Sec'y of State for Defence v. Trimble Nav. Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)). A document is "integral" when "its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis omitted). Considering such documents does not convert a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

Accordingly, in ruling on Defendants' Motion to Dismiss, this Court will consider Plaintiff's EEOC Charge. *See Bowie v. Univ. of Maryland Med. Sys.*, No. ELH-14-03216, 2015 WL 1499465, at 3 n.4 (D. Md. Mar. 31, 2015) ("Courts commonly consider EEOC charges as integral to a plaintiff's Complaint, *i.e.*, effectively a part of the pleading, even if the EEOC charge is not filed with the Complaint.") (citations omitted).

## ANALYSIS

Defendant argues that Plaintiff's Title VII and ADA claims are barred because he did

not properly exhaust his administrative remedies. (Def. Mot. To Dismiss, ECF No. 13.) Additionally, Defendant argues that the Plaintiff's Section 1983 claim should be dismissed because Lifebridge is not a state actor. (*Id.* at 10.) In this case, Plaintiff has not exhausted his administrative remedies because he failed to file a timely complaint with the EEOC. Additionally, Section 1983 only applies to state actors or those acting "under color of a statute, ordinance, regulation, custom, or usage, of any State." 42 U.S.C. § 1983. For these reasons, Defendant's motion to dismiss shall be GRANTED.

I. **Plaintiff's claim must be dismissed because he failed to exhaust his administrative remedies as required for ADA and Title VII claims.**

Title I of the ADA, which prohibits discrimination in employment, adopts the administrative exhaustion requirements found in Title VII of the Civil Rights Act of 1964 ("Title VII"). *Magness v. Harford County*, ELH-16-2970, 2018 WL 1505792, at 9-10 (D. Md. 2018). Accordingly, before bringing an ADA discrimination claim in federal or state court, a plaintiff must meet certain statutory requirements. First, a plaintiff must file a "charge" of discrimination with the EEOC or appropriate agency before proceeding to court. 42 U.S.C. § 2000e-5(e)(1). The charge must be filed within a specified time "after the alleged unlawful employment practice occurred." *Id.* In Maryland, a deferral state,[3] a Title VII claim of discrimination must be filed with the EEOC within 300 days of the alleged discriminatory action. *EEOC v. R & R Ventures*, 244 F.3d 334, 338 n.1 (4th Cir. 2001). Finally, a plaintiff's

---

[3] A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state due to the Maryland Commission on Human Relations (MCHR), a state agency that is capable of providing relief from discrimination.

suit is limited to the grounds asserted in the underlying EEOC charge. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009).

If timely raised by the defendant, failure to exhaust administrative remedies warrants dismissal under Rule 12(b)(6) of the Federal Rules. *See, e.g., Stewart*, 912 F.3d at 701-702; *see also Carter*, TDC-18-2249, 2019 WL 3804765, at *2 (construing motion to dismiss under Rule 12(b)(1) for failure to exhaust administrative remedies as a motion to dismiss under Rule 12(b)(6) in light of the Supreme Court's decision in *Fort Bend*). The exhaustion requirement ensures that the charged party receives notice of the claims it faces. *Chacko v. Patuxent Institution*, 429 F.3d 505, 510 (4th Cir. 2005). A subsequent lawsuit thus must limit its claims to those included in the administrative charge and those "reasonably related" to the claims described in the administrative charge. *Evans v. Techs. Applications & Servs. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). Accordingly, administrative charges which reference "different time frames, actors, and discriminatory conduct than the central factual allegations" in a civil complaint do not satisfy the administrative exhaustion requirements. *Chacko*, 429 F.3d at 506. The administrative exhaustion requirements, however, should not set "a tripwire for hapless plaintiffs." *Sydnor v. Fairfax County*, 681 F.3d 591, 594 (4th Cir. 2012).

In this case, Plaintiff alleges race, gender, and disability discrimination. However, in his charge of discrimination with the EEOC, he only alleges race and disability discrimination. (Compl., ECF No. 1 at 5; ECF No. 13-4). Consequently, this Court only considers Plaintiff's race and disability discrimination claims as Plaintiff never filed a charge of gender discrimination with the EEOC. *See Chacko*, 429 F.3d at 506. Plaintiff's race and disability discrimination claims under Title VII and the ADA must also fail because Plaintiff waited over

a year to file a charge of discrimination with the EEOC from the date of alleged termination, in excess of the 300-day period authorized by the EEOC. (Def. Ex. 2, ECF No. 13-4; Def. Ex. 3, ECF No. 13-5.) The date of termination alleged in the Complaint was March 16, 2017. (Compl., ECF No. 1 at 5.) The date of filing for his charge of discrimination with the EEOC was July 5, 2018. (Def. Ex. 2, ECF No 13-4.) Consequently, Plaintiff has failed to exhaust his administrative remedies, and his ADA and Title VII claims shall be DISMISSED.

## II. Plaintiff's Section 1983 claim must also be dismissed because he fails to allege how his termination was attributable to state action.

Section 1983 provides that "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State...subjects, or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. An individual alleging a Section 1983 violation must show (1) a deprivation of a right or privilege secured by the Constitution and laws of the United States and that (2) the deprivation was caused by an individual acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). However, "merely private conduct, no matter how discriminatory or wrongful[,]" fails to constitute state action. *See Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action: 'Mere approval of or acquiescence in the initiatives of a private party is insufficient.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 (4th Cir. 2009) (quoting *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999)).

8

Here, Lifebridge is a private corporation, not a state actor. (Def. Ex. 5, ECF No. 13-7.) Furthermore, the Plaintiff does not allege that Lifebridge was acting under the color of any state or federal law. (Compl., ECF No. 1.) Accordingly, the Plaintiff fails to state a cognizable claim under Section 1983 and this claim shall be DISMISSED.

### III. The Plaintiff's complaint must be dismissed with prejudice because amendment is futile.

The Defendant has requested that this Court dismiss the Plaintiff's complaint with prejudice. (ECF No. 13.) "The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825 (D. Md. 2013) (citing *180s, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638-39 (D. Md. 2009)). Dismissal with prejudice is appropriate where an amendment to the Complaint would be futile. *Cozzarelli v. Inspire Pharmaceuticals, Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). Here, the Plaintiff has failed to file a timely charge of discrimination with the EEOC and is unable to properly exhaust his administrative remedies as required. In addition, Plaintiff cannot state a Section 1983 claim against Lifebridge, a non-state actor. As a result, any amendment to the complaint would be futile. Accordingly, the Plaintiff's Complaint (ECF No. 1.) is DISMISSED WITH PREJUDICE.

### CONCLUSION

For the foregoing reasons, it is HEREBY ORDERED this 1st day of November 2019 that:

1. The Defendant's Motion to Dismiss (ECF No. 13.) is GRANTED;
2. Plaintiff's Complaint (ECF No. 1) is DISMISSED WITH PREJUDICE;
3. The Clerk of Court shall transmit a copy of this Order to counsel of record;

4. The Clerk of Court shall CLOSE THIS CASE.

_____
Richard D. Bennett
United States District Judge